```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 08-21472-CIV-UNGARO
                                      MAGISTRATE JUDGE P.A. WHITE

PETER FRANCIS KELLER,              :

        Plaintiff,                 :

v.                                 :       REPORT OF
                                           MAGISTRATE JUDGE
WARDEN PICHARDO, ET AL.,           :

                                   :
        Defendants.
_____     :
```

This Cause is before the Court upon the plaintiff's Motion and Corrected Motion for Preliminary Injunction [DE#'s 53, 87] .

This Cause is proceeding on the claim of denial of proper medical care proceed against the defendants Pichardo, Balmir, Finisse and Urbina in their individual capacities. The plaintiff alleges that he has not received proper medical care for back injuries suffered in a pre-incarceration automobile accident and he is not being provided needed surgery or other alternative treatments.

The plaintiff seeks an order directing the defendants provide proper pain medication and pain management treatment. He alleges that he has been denied any medical treatment other than nonprescription pain medication.

The type of relief the plaintiff seeks is an extraordinary remedy. See California v. American Stores Company, et al., 492 U.S. 1301 (1989). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. The standard for issuing a preliminary injunction, is as

follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.  <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1128 (11 Cir. 2005) (citations omitted), <u>cert. denied</u>, 126 S.Ct. 2862 (2006).  A preliminary injunction should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. <u>See</u> <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301, 1306 (11 Cir. 1998).

After reviewing the motion, the Undersigned finds that the plaintiff does not state a <u>prima facie</u> case for preliminary injunctive relief.  The plaintiff has not adequately shown any indication of <u>immediate</u>, <u>irreparable</u> harm.  The plaintiff has been suffering with listed ailments for quite some time but unfortunately the motion falls short of raising facts that tend to show he is entitled to immediate relief.  The plaintiff states that he has received some pain medication, and he does not raise facts to meet his burden of persuasion that would support the court's use of an extraordinary remedy which would necessarily interfere with the administration of medical care for state inmates.  The plaintiff's allegations do not indicate that there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; that there is any threatened injury to the plaintiff such that any such injury outweighs the potential harm the injunction may do to the defendants; nor that the public interest will not be impaired if the injunction is granted.

Assuming that the allegations raised in the plaintiff's motion are true, the plaintiff has not proffered sufficient facts to state a <u>prima facie</u> case for preliminary injunctive relief.

Based on the foregoing, it is recommended that the Motion and Corrected Motion for Preliminary Injunction [DE#'s 53, 87] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 7th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Peter Francis Keller, <u>Pro Se</u>
No. 602200
Everglades Correctional Institution
P. O. Box 949000
Miami, FL 33194-9000

Kathleen M. Savor, Esq.
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, FL 33301

Tullio Emil Iacono, Esq.
Cole Scott & Kissane, PA
Dadeland Centre II
9150 South Dadeland Boulevard
14th Floor
Miami, FL 33156