```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 08-21472-CIV-UNGARO
                                   MAGISTRATE JUDGE P.A. WHITE
PETER FRANCIS KELLER,          :

      Plaintiff,               :

v.                             :   REPORT OF MAGISTRATE JUDGE
                                   ON PLAINTIFF'S MOTION TO FURTHER
WARDEN PICHARDO, et al.,       :   SUPPLEMENT HIS AMENDED PLEADINGS
                                        (Motion DE#131)
      Defendants.              :
_____
```

## Introduction

Plaintiff Peter Francis Keller, a state prisoner previously confined at Everglades C.I. ("ECI"), filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983, alleging indifference at ECI to his serious medical needs. (DE#1). After an Order (DE#6) requiring him to amend his initial complaint, Keller filed four amendments (DE#s 11, 13, 14, 18) and additional supplements (DE#s 54, 86) all relating to events at ECI. After a Preliminary Report (DE#20) and Order of partial dismissal (DE#27), all claims against defendants McNeil, Simo, the Florida DOC and "John Does" were dismissed; and the case is now pending only on Eighth Amendment claims of medical indifference at ECI, raised against Gisula Pichardo, the ECI Warden; N. Finisse, the ECI Senior Health Staff Administrator; O. Urbina, an Administrative Assistant at ECI; and Dr. Balmir. The record in this case, and records maintained by the DOC, indicate that plaintiff Keller is no longer at ECI and is currently confined at South Florida Reception Center ("SFRC"). **Plaintiff Keller has now moved to file a 33 page "Final Supplement" (see DE#131 pp.1-32, and p.55) with exhibits (DE#131 at pp. 33-54).**[1]

---

[1] DOC records pertaining to Keller, which are maintained a published by the DOC on the Internet, indicate that he is now at SFRC. See *Inmate Population Information Detail*, under the Corrections Offender Network, at (www.dc.state.fl.us). The CM/ECF docket indicates that up to late January 2009 Keller was still at ECI (see DE#107), and that by early February 2009 he had been transferred to SFRC (see Notice of Change of Address, DE#114). Plaintiff's Index of Exhibits (DE#131, at p.33) and his Exhibit C (at DE#131, pp.47-49) further indicate that by early February 2009 he was a SFRC. (An Informal Grievance filed by Keller on 2/2/09 -- complaining that he was denied use of a wheel chair -- was denied on 2/5/09, and that as of the date of his filing (DE#131), Keller was still awaiting a Response by SFRC Warden Harris in answer to Keller's appeal of the denied 2/2/09 informal grievance).

## The Pleadings Filed Prior to the Proposed Supplement DE#131; and the Current Posture of this Case

The Preliminary Report (DE#6) noted that Keller alleged that at ECI he had not received proper medical care for back injuries suffered in a pre-incarceration automobile accident. More specifically, he allegedly was not being provided needed surgery or other alternative treatments. The Report noted that after initial review of the Complaint (DE#1) Keller was ordered to amend, because he did not provide specific facts to explain how <u>each</u> of the defendants allegedly violated his constitutional rights, including an explanation as to how each individual was allegedly deliberately indifferent to his serious medical needs.

In the Preliminary Report (DE#20), Keller's allegations that were raised in his amended complaint (DE#11) and in his two additional amendments (DE#s 13 and 14), were summarized, as follows:

> The amended complaints [DE#s 11, 13, 14] together raise the following allegations. Prior to his incarceration, the plaintiff suffered serious physical injuries in an automobile accident and he is now disabled. He states that he suffered damaged spinal discs, spinal injury and herniated discs, and prior to his incarceration treating physicians prescribed alternative non-surgical treatment options, such as physical therapy, pain management and steroids, but he has not received any treatment while in custody causing his condition to deteriorate necessitating spinal surgery. He states that he provided his medical history to each defendant upon his entry into custody, but that he is not receiving adequate medical care. The amended complaints are accompanied by several exhibits, such as an Inmate Request dated November 5, 2007 in which he seeks spinal surgery, with a response by Urbina indicates "you do not meet this criteria;" an appeal in which the plaintiff argues that he is not receiving treatment due to its cost and his spinal condition is deteriorating; an Inmate Request dated November 20, 2007 in which Urbina states that a surgery consult is pending; an Appeal in which the plaintiff states that he is in pain and he is suffering; and an Inmate Request dated December 13, 2007 in which he states he is in great pain. The plaintiff also states that the DOC is

> reluctant to do the surgery due to the risk of complications, and he is in constant severe pain, has difficulty walking and has other medical issues such as a hernia, diabetes and acid reflux disease. He seeks monetary damages and equitable relief.

(Preliminary Report, DE#20, pp.2-3). The Report DE#20 noted that although he had stated facts indicating that prison officials might be violating his Eighth Amendment rights, by failing to provide medical treatment with the knowledge that he was in pain and his condition was deteriorating, Keller still had not explained how each named defendant allegedly exhibited deliberate indifference to his serious medical needs. The Report noted that a second Order (DE#15) requiring further amendment was entered. (See Preliminary Report, at p.3), and that Keller responded by filing yet another Amendment (DE#18). As described in the Preliminary Report, the gravamen of Keller's medical claim in the amended pleading (DE#18) against Pichardo, Urbina, Finisse and Balmir was that they were

> aware, as a result of his numerous grievances, that he requires medical care for back injuries suffered in a pre-incarceration automobile accident and for other ailments.

(See Preliminary Report, DE#20, at p.3, and p.6). The Report further noted that although it was not preferable to do so, in this case, due to Keller's *pro se* status, the operative complaint was construed to consist of "the Amended Complaint [DE#18] as supplemented by the prior complaint and amended complaints together..." (DE#20 at p.3).

The case proceeded solely on claims of alleged medical indifference at ECI against defendants Pichardo, Finisse, Urbina, and Balmir. Answers and Affirmative Defenses were filed by Pichardo and Finisse (DE#38) and by Balmir and Urbina (DE#47). A pretrial scheduling Order was entered on November 10, 2008 (DE#43), setting deadlines for completion of pretrial procedures in the case, including: discovery by March 6, 2009; adding parties or amendment of pleadings by March 20; motions to dismiss and/or for summary judgment by April 10; and the filing of plaintiff's and defendants'

pretrial statements by April 24 and May 8, 2009, respectively.

An Order (DE#92) granted plaintiff's motions (DE#s 54 and 86) to further supplement the complaint by adding exhibits.

The case then reached the summary judgment stage. Plaintiff Keller, from ECI, filed a motion for summary judgment dated 1/7/09 (DE# 98) with exhibits [as to which Responses in Opposition were filed by Defendants Urbina and Balmir (DE#105, dated 1/29/09) and by Defendants Pichardo and Finisse (DE#110, dated 2/5/09).

Although no motion to dismiss and/or summary judgment motion had yet been filed with the Clerk by the four remaining defendants (see CM/ECF docket), the plaintiff from ECI [apparently anticipating arguments that might be made by one or more defendants if such a motion were submitted] filed a "Response to Summary Judgment" (DE#103) which, like his summary judgment motion, is dated 1/7/09.

Upon a Motion for Protective Order and to Strike filed by Pichardo and Finisse (DE#130), which was directed to Interrogatories and Production Requests that plaintiff Keller had propounded in late February 2009, an Order (DE#135) was entered, denying the defendants' motion DE#130, and requiring them to respond to the contested discovery. The Order DE#135, modified the pretrial schedule solely by extending the March 6 discovery deadline to April 6, and only to permit responses to the interrogatories and production requests that already had been propounded to the defendants Pirchardo and Finisse. The Order DE#135 explicitly stated that no further discovery requests could be made.

Thereafter, defendant Urbina filed a motion to dismiss with exhibits (DE#140) which was construed as a motion for summary judgment. Plaintiff Keller was advised of his right to respond on or before April 3, 2009 (see DE#141, Order of Instructions, entered 3/4/09). Keller filed a document called "Plaintiff(s) Suplamental Reponce to Defendants Motion For Summerary Judgement if filed in this 1983 Civil Action 42 U.S.C. Second Responce Supplemented: and

4

Final Responce to any Summeray Judgment Motion by Defendants." (DE#144). Since this "Supplemental Response" is signed and dated 3/5/09, and was file stamped by the Clerk on 3/5, it is clear that it could not be in reaction/response to the Court's 3/4/09 Order of Instructions (DE#141), because that Order, at the earliest, was placed in the mail by the Clerk on 3/4/09, and could not have been delivered to Keller at SFRC before 3/5/09, the date on which his "Second Supplemental Response" DE#144 was signed.

It is here noted that the April 3, 2009 deadline for Keller to file a Response opposing Urbina's motion to dismiss/summary judgment, in accordance to the directions provided in the March 4, 2009 Order of Instructions (DE#141), has not yet expired.

In addition, it is noted that the April 10, 2009 deadline to file a motion to dismiss and/or for summary judgment has not yet expired, for any defendant(s) who has/have not yet done so.

**Analysis Re the Proposed "Final Supplement to Complaint" DE#131**

The proposed supplemental pleading (DE#131) is subject to review under the same standard of review set out in the Preliminary Report for screening of the initial complaint (DE#20 at pp. 3-6).[2]

---

[2]   As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

\*   \*   \*
   (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
\*   \*   \*
   (B) the action or appeal –
\*   \*   \*
   (i)  is frivolous or malicious;

   (ii) fails to state a claim on which relief may be granted; or

   (iii)  seeks  monetary  relief  from  a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989);

5

Careful examination of Keller's proposed "final" supplemental complaint (DE#131) reveals that it essentially is not a pleading raising new fact allegations against the named defendants about what was or was not done to/for him in regard to his medical needs. [Two new fact allegations stand out in the proposed 2009 supplement, which were not included in the 2008 pleadings, as they had not yet occurred. These are that: (1) in February 2009, at SFRC, plaintiff requested and was denied a wheelchair, by persons unnamed; and (2) on December 17, 2008, while he was still at ECI, staff ordered an MRI scan, which was taken at Larkin Hospital on January 20, 2009]. The major thrust of the proposed supplemental pleading (DE#131) is a series of arguments, including that "the

---

Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

6

defendants" had actual knowledge of his medical conditions and needs; that their acts/omissions amounted to more than mere negligence; that they "interfered" by not providing treatments that had been "prescribed;" that there is a causal connection between their acts/omissions and plaintiff's injuries, which he argues include irreparable substantial harm; that although defendants may argue that direct participation is necessary to show deliberate indifference, defendants who train, oversee, or give orders to other medical staff may be liable for constitutional violations; that his injuries are sufficient to satisfy the physical injury requirement of 42 U.S.C. §1997e(e); and that the defendants are not entitled to qualified immunity.

While the proposed supplemental pleading (DE#131) posits arguments which plaintiff Keller anticipates would allow his medical claims to survive summary judgment, it raises no new claims of denied care, apart from new allegations about denial of access to a wheelchair in 2009 at SFRC, where the named defendants in this case do no work. The proposed supplement (DE#131) does not raise new claims of denied care at ECI, or name any new defendants.

Here, it appears that leave to amend, by filing the proposed supplemental pleading DE#131, should be denied, for the following reasons, some of which are alluded to, above.

Although Rule 15(a) of the Federal Rules of Civil Procedure provides, in part, that leave shall be "freely given when justice so requires," the Rule provides that a party may amend his pleadings once, as a matter of course, prior to the filing of a responsive pleading, and thereafter may amend only by leave of Court, or by written consent of the adverse party. Fed.R.Civ.P. 15(a).

If the proposed supplement DE#131 were allowed, it would be the seventh amendment and/or supplementation of the original complaint (which has already been amended by pleadings at DE#s 11, 13, 14, 18, and supplemented with exhibits at DE#s 54 and 86). The case cannot proceed in an orderly manner, if unending amendments are

allowed to be filed in piecemeal fashion. The case against four ECI defendants Pichardo, Urbina, Finisse and Balmir, in which summary judgment motions were filed before plaintiff Keller tendered the proposed "final" supplemental complaint, would be delayed if they were required to respond to yet another pleading.

Insofar as Keller complains that accommodation/care of his medical needs was not provided at SFRC [e.g., denial of a wheel-chair, after he requested one through an informal grievance], that, and any other alleged failures at SFRC about which Keller could conceivably complain cannot be attributed to the defendants Pichardo, Urbina, Finisse and Balmir at ECI, where Keller is no longer confined.

If Keller believes that his medical needs are not being met at an institution where defendants Pichardo, Urbina, Finisse and Balmir do not work, he is free to pursue such claims in a separate lawsuit. Moreover, the proposed pleading DE#131 in this case would not be sufficient to proceed on the claim regarding wheelchair access at SFRC, or any other matter at SFRC, because Keller does not identify any SFRC medical staff member or other employee at SFRC who allegedly is responsible for violation of his constitutional rights.

Any arguments incorporated by Keller in his proposed pleading DE#131 which he believes are pertinent to claims on which the defendants Pichardo, Urbina, Finisse and Balmir have or may move for dismissal or summary judgment, may be raised by Keller in a response or responses to such motions.

## Conclusion

It is therefore recommended that: 1) plaintiff's motion (DE#131) for leave to file a proposed "Final Supplement to Complaint" be DENIED, without prejudice to pursue any new claims which he may wish to raise in a separate lawsuit; and 2) this case, which has reached the stage of summary judgment, be allowed to

proceed on claims against the ECI defendants Pichardo, Urbina, Finisse and Balmir, on claims raised in plaintiff Keller's complaint (DE#1), as previously amended (DE#s 11, 13, 14 and 18) and supplemented (DE#s 54 and 86).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: March 13th, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Peter Francis Keller, Pro Se
DC# 602200
South Florida Reception Center
14000 N.W. 41st Street
Doral, FL 33178-3003

Kathleen M. Savor, AAG
Office of the Attorney General
110 S.E. 6th Street / 10th Floor
Ft. Lauderdale, FL 33301

Tullio Emil Iacono, Esquire
Cole Scott & Kissane, P.A.
Dadeland Centre II
9150 South Dadeland Blvd., 14th Floor
Miami, FL 33156

The Honorable Ursula Ungaro,
United States District Judge