```
                                      UNITED STATES DISTRICT COURT
                                      SOUTHERN DISTRICT OF FLORIDA

                                      CASE NO. 08-21472-CIV-UNGARO
                                      MAGISTRATE JUDGE P.A. WHITE
PETER FRANCIS KELLER,            :

        Plaintiff,               :

v.                               :         REPORT OF
                                         MAGISTRATE JUDGE
WARDEN PICHARDO, et al.,         :

        Defendants.              :
_____
```

In this *pro se* civil rights action pursuant to 42 U.S.C. §1983, the plaintiff, in the complaint, as amended, has raised claims alleging indifference to his serious medical needs while he was previously confined at Everglades C.I. ("ECI"). In brief, he claims that at ECI he did not receive proper medical care for back injuries suffered in a pre-incarceration automobile accident, and that in addition to not being provided needed surgery he was also not being provided alternative treatments.

In this *pro se* civil rights action pursuant to 42 U.S.C. §1983, the plaintiff, in the complaint as amended, has raised claims alleging indifference to his serious medical needs while he was previously confined at Everglades C.I. ("ECI"). While he includes allegations about other medical issues such as a hernia, diabetes and acid reflux disease, the gravamen of his pleadings is that he sustained back injuries in a pre-confinement automobile accident, and that while incarcerated, in addition to not being provided needed surgery, he was also not being provided alternative treatments recommended by physicians before his confinement at ECI. He claims that delay in providing surgery and alternative treatments/therapies contributed to deterioration of his spinal condition and permanent injury.

There are pending in this case a motion for summary judgment by the plaintiff (DE#98), and opposing motions for summary judgment by defendants Urbina (DE#140), Finisse and Pichardo (DE#160), and Balmir (DE#172). **This Cause came before the Court upon plaintiff's Motion (DE#190) for leave to supplement the record.** He seeks to

submit copies of MRI records relating to scans taken of his lumbar spine in January 2009. He states that prior MRI records of which he was previously aware pertained only to his cervical spine, and that he only became aware on June 22, 2009 of the existence of the lumbar spine films, which he claims show that his "lumbar spine is very bad." He states that it will take him up to 60 days to obtain copies of the actual Reports/results on paper, and properly submit them "for supplementation of the records of evidence of the permanent injury's [sic] caused by the denied surgery."

It appears that the records referred to by the plaintiff are pertinent, if not central to his claim of denied medical care.

Therefore, by separate Order, the plaintiff's motion DE#190, for leave to supplement the record with the newly discovered MRI results, has been granted. The Order requires that on or before September 1, 2009, the plaintiff must serve complete copies of his new filing(s) upon the opposing parties (defendants) through their counsel of record, at the same time that he submits the records to the Court as a supplement to the record, for purposes of supporting his own motion for summary judgment, as well as opposing the defendants' cross motions for summary judgment.

It is apparent that plaintiff's supplementation of the record will likely necessitate supplementation by the defendants of their Responses (DE#s 103, 106, 110) in opposition to plaintiff's summary judgment motion (DE#98), and/or supplementation of the defendants' own cross motions for summary judgment (DE#s 140, 160, 172).

Under the rules, a supplemental response by defendants, in opposition to plaintiff's summary judgment motion, would be followed by a supplemental reply from the plaintiff. Similarly, any supplemental argument by the plaintiff founded on submission of the new MRI evidence, in opposition to defendants' summary judgment motions, would be followed by a supplemental reply from defendants.

Under these circumstances, the opposing summary judgment motions by the plaintiff (DE#98) and the defendants (DE#s 140, 160,

172) should not be allowed to languish on the docket. Rather, it appears that they should be dismissed, without prejudice.

Upon submission to the Court of the new MRI evidence by the plaintiff, and provision of copies of the same to the defendants, the parties should be allowed to renew their prior motions for summary judgment, with addition of any arguments that they deem appropriate after review of the new MRI evidence.

Unless they should choose to do so, the parties should not need to physically refile their prior motions for summary judgment and exhibits with the court. They can, instead, submit notices of intent to renew the prior motions, incorporating their prior filings by reference, and then separately submit any supplemental argument that they deem necessary in regard to the newly found evidence consisting of results from the MRI scans taken of plaintiff's lumbar spine in January 2009.

In sum, it is recommended that: 1) the plaintiff's and defendants' pending motions for summary judgment (DE#s 98, 140, 160, and 172) be dismissed without prejudice to renew, after the plaintiff supplements the record with lumbar spine MRI results on or before September 1, 2009; and 2) the plaintiff and defendants be allowed to refile their prior motions for summary judgment, by filing notices of renewal, incorporating their prior motions and exhibits by reference if they choose; and 3) that with regard to such new medical evidence as the plaintiff may submit based on his January 2009 lumbar spine MRI scans, the parties (defendants and plaintiff) be permitted to submit supplemental arguments in addition to renewal of their prior summary judgment motions.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: July 1st, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Peter Francis Keller, <u>Pro Se</u>
    DC# 602200
    South Florida Reception Center
    14000 N.W. 41st Street
    Doral, FL 33178-3003

   Kathleen M. Savor, AAG
   Office of the Attorney General
   110 S.E. 6th Street / 10th Floor
   Ft. Lauderdale, FL 33301

   Tullio Emil Iacono, Esquire
   Cole Scott & Kissane, P.A.
   Dadeland Centre II
   9150 South Dadeland Blvd., 14th Floor
   Miami, FL 33156

   The Honorable Ursula Ungaro,
        United States District Judge